IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>Aon plc et al.,<br><br>   Defendant. | Case No.: 21-cv-1633-RBW |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

This case is an antitrust challenge to Aon's proposed acquisition of Willis Towers Watson, a competing insurance broker. Aon and Willis Towers Watson are two of the many professional services firms that help companies assess, and find insurance to meet, their risk and health needs.

For the past 14 months, the Antitrust Division of the United States Department of Justice ("Division") has been investigating this transaction. During that time, the Division has engaged in unilateral discovery. Exercising its powers to issue Civil Investigative Demands, and shielded from Aon and Willis, the Division subpoenaed numerous third parties (as well as the parties), collected documents likely numbering in the millions, and also likely conducted third-party depositions and obtained sworn statements related to the transaction.

These materials, referred to as the Division's "Investigation Materials," typically contain the core evidence utilized by the Division in merger challenges under Section 7 of the Clayton Act. Because they are obviously critical to the merging parties' defense, in most merger challenges, the Division produces its Investigation Materials immediately after filing suit. Yet, in this case, the Division strategically has decided to delay its production, and instead has proposed

1

a Case Management Order that does not require it to produce its Investigation Materials for more than thirty days after the Division filed the Complaint. Indeed, the Division's proposed Case Management Order contemplates an unusually slow schedule overall, culminating in a trial that would not conclude until March 2022, over six months after the September 9, 2021 "outside date" in the parties' March 2020 Business Combination Agreement, and over two years after the announcement of the transaction.

Defendants are currently in discussions with the Division concerning a reasonable schedule for this case. Defendants will shortly ask the Court to schedule the earliest possible trial—in advance of the September 9 outside date, if that is possible. At the threshold, however, there is no legitimate reason for the Division to delay producing Investigation Materials, as any delay in doing so would be highly prejudicial to the parties. The Division, however, is holding those materials back until both a Protective Order *and* a Case Management Order are entered. This motion seeks to remove the first of those roadblocks so that—*as is the norm in Government merger challenges*—Investigation Materials can be produced immediately.

Defendants accept that a Protective Order is required to receive the Investigation Materials. The Division provided the parties with a proposed Protective Order on June 17. To expedite production of the Investigation Materials pending agreement of the precise terms of the Protective Order, the parties offered to treat all Investigation Materials on an Outside Counsel Only basis and subject to the precise terms of the Division's *proposed* Protective Order until a formal Protective Order is finalized and entered by the Court. The Division rejected that proposal, stating that it would not produce its Investigation Materials until the Court entered a Protective Order. The Division also made clear that, if the parties insisted on varying in any way from its draft Protective

Order, that could significantly delay the process of agreeing to a Protective Order and submitting it to the Court.

In light of the Division's position, the parties opted to provide only minor non-substantive clarifying edits to the Division's draft, and asked the Division to immediately execute it and begin producing its Investigation Materials.

In response, the Division moved the goalposts—stating, for the first time, that, it would not consider finalizing the Protective Order until it received and considered the parties' edits to the Division's separate proposed Case Management Order, which covers a wide range of unrelated issues, including the complete discovery timeline, the parties' ability to pursue certain forms of discovery, and the proposed timing of the trial in this matter.  The parties responded by noting that the Protective Order is a standalone document, and there is no reason to delay its submission based on a separate document that will take time to finalize (particularly considering that the Division's initial draft Case Management Order proposes that the parties give up numerous substantive litigation rights).  Nonetheless, the Division refused to agree to finalize and submit the Protective Order.  The parties requested a meet and confer focused solely on the Protective Order, and the Division declined.

In sum, the Division is refusing to produce critical Investigation Materials until the Court enters the Protective Order.  The parties have agreed to the Division's own draft Protective Order with only limited minor non-substantive revisions.  The parties therefore respectfully request that the Court remove this arbitrary roadblock to the immediate production of Investigation Materials, enter the attached Protective Order, and order the Division to produce forthwith the discovery on which the Division's lawsuit was based.

## CONCLUSION

For the reasons above, Defendants respectfully request entry of the enclosed Protective Order and the accompanying Order Requiring Immediate Production of Investigation Materials. Defendants stand ready to address these issues with the Court by telephonic or video conference at the Court's convenience.

Dated:  June 22, 2021

Respectfully submitted,

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com


Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

Clifford Aronson
David Wales
Karen Hoffman Lent (*Pro Hac Vice* Pending)
Matthew M. Martino (*Pro Hac Vice* Pending)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone (212) 735-3000
Clifford.Aronson@skadden.com
David.Wales@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

*Attorneys for Defendant Willis Towers Watson plc*

5