UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br> v.<br><br>AON plc and WILLIS TOWERS WATSON plc,<br><br>    *Defendants*. | Case No. 1:21-cv-01633-RBW |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR ENTRY OF PROTECTIVE ORDER**

  Just hours after filing the complaint in this matter, Plaintiff United States sent Defendants a draft proposed protective order and draft proposed case management order that, together, would have set the case on a path for a prompt—but not precipitous—trial. This path would have included early delivery of each side's investigation materials but also afforded an opportunity for non-party owners of such materials to address the Court on the adequacy of protections for their confidential information.

  Rather than meet and confer about these proposals, Defendants filed their Motion for Entry of Protective Order (the "Motion"). The Court should deny the Motion and instead instruct Defendants to meet and confer with Plaintiff about the draft proposed protective order and draft proposed case management order.

**ARGUMENT**

  Defendants' proposed merger would combine two of the world's three largest insurance brokers. Compl. (Dkt. No. 1) ¶ 1. Accordingly, Plaintiff investigated the transaction and

ultimately filed this lawsuit to enjoin the proposed merger under Section 7 of the Clayton Act, 15 U.S.C. § 18.

Merger cases normally proceed on a faster pace than other civil antitrust litigation. In recognition of this, immediately upon filing of a complaint, the United States regularly seeks—as it did in this case—to promptly negotiate both proposed case management orders and proposed protective orders that cover many aspects of such a rapid schedule. Naturally, such orders involve compromises on both sides and, sometimes, court resolution of some disputed issues. These orders also regularly provide for early production of both sides' investigation materials. Defendants are incorrect to state that such production occurs "immediately" or is normally done without affording any non-party owners of such information (Defendants' customers and competitors) a chance to comment on the confidentiality protections. (Mem. of Law at 1.) Provisions for early discovery are common, but they include protections for non-parties' interests and are usually part of a package of negotiated items. This approach is logical because, of course, the Federal Rules of Civil Procedure do not provide a right to such early discovery.

Contrary to Defendants' arguments that Plaintiff seeks to delay, Plaintiff acted quickly in attempting to initiate discussions with Defendants about setting a schedule for the routine steps of litigation to take place. On June 16—the same day that Plaintiff filed the complaint—Plaintiff sent drafts of a proposed protective order and proposed case management order to Defendants for their review. (Ex. 1 at 11–12.) On Saturday, June 19, three days after Plaintiff sent the draft proposed orders, Defendants proposed edits to Plaintiff's draft proposed protective order, including changes to the definition of "Investigation Materials." (*Id*. at 9.) In response that same day, Plaintiff, noting the interactions between the two orders (as well as the fact that "Investigation Materials" should be defined consistently in each document), asked when

Defendants would send edits to the case management order and offered to discuss any proposed changes to both documents together.  (*Id*.)  Defendants did not accept Plaintiff's repeated offers to schedule a meet and confer on Monday or Tuesday of this week.  (*Id.* at 2–7.)  Despite repeatedly stating that they would provide a mark-up of the draft proposed case management order (*id.* at 3, 8, 11), Defendants still have not provided one as of the time of this filing.

Defendants' attempt to seek judicial intervention in this basic discovery matter is improper for several reasons.  First, contrary to this Court's Local Rules, Defendants never met and conferred with Plaintiff about their requested relief.  *See* Rules of the United States District Court for the District of Columbia ("Local Rules"), Rule 7(m).  Although Defendants contend that "the Division declined" an offer to "meet and confer focused solely on the Protective Order" (Mem. of Law at 3), the relief that Defendants seek in the Motion is not limited to entry of a protective order.  Defendants also ask that the Court order the production of documents, which is a subject covered in Plaintiff's draft proposed case management order—a document that Plaintiff offered to meet and confer about (along with the draft proposed protective order) in four separate emails (Ex. 1 at 2, 4–5, 7).  Defendants refused those offers.  Defendants' failure to meet and confer, which violates the Federal Rules, the Local Rules, and this Court's General Order for Civil Cases, justifies denial of their motion.  *See* Fed. R. Civ. P. 37(a)(1); Local Rules, Rule 7(m); General Order for Civil Cases Before the Honorable Reggie B. Walton, ¶ 10(b).

Second, Plaintiff and Defendants have not yet had a discovery conference under Rule 26(f).  Until such conference occurs, Defendants are barred from seeking discovery of the Investigation Materials.  Federal Rule of Civil Procedure 26(d) expressly provides that, absent a court order, parties typically "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  While courts may permit early discovery upon a showing

of good cause, "courts tend to find good cause at this early stage only in narrow circumstances, such as where a party seeks information related to the issues of identity, jurisdiction, or venue." *Sky Angel U.S., LLC v. Nat'l Cable Satellite Corp.*, 296 F.R.D. 1, 2 (D.D.C. 2013). Defendants have not even tried to establish good cause, nor does it exist: Defendants have identified no reason to believe that early discovery of the Investigation Materials "is necessary before th[e] suit can progress further," as is generally required to meet this standard. *See Malibu Media, LLC v. Doe*, 316 F. Supp. 3d 120, 122–23 (D.D.C. 2018).

Rather than showing their premature request is supported by the Federal or Local Rules or by binding judicial precedent, Defendants instead purport to rely on a "norm" that "the Division produces its Investigation Materials immediately after filing suit." (Mem. of Law at 1–2.) Contrary to Defendants' assertion, the practice in merger cases generally is for both parties (the United States and defendants) to produce the Investigation Materials *after* the parties have agreed to a protective order and the relevant provisions of a case management order. *See, e.g.*, *United States v. Anthem, Inc.*, No. 1:16-cv-1493 (D.D.C. filed July 21, 2016), Dkt. Nos. 68, 74 (ordering Investigation Materials to be exchanged 21 days after entry of the initial protective and case management orders); *United States v. Aetna Inc.*, No. 1:16-cv-1494 (D.D.C. filed July 21, 2016), Dkt. Nos. 54, 55 (same).

Third, Defendants' request for immediate production of the Investigation Materials seeks to circumvent a process designed to safeguard the confidential information of non-parties. A protective order and case management order work together to protect non-parties' confidential information from disclosure by providing a process and timeline for notice and, if desired, an opportunity to be heard by these third parties before their confidential information is turned over to their competitors or suppliers. By seeking entry of a proposed protective order and initiation

of discovery before the terms of the proposed case management order have been worked out, Defendants risk creating a schedule that will overlook non-parties' right to participate in a process that implicates their confidential materials. Defendants' suggestion that this approach is justified by the "outside date" of their merger agreement—and that this litigation thus needs to move even faster than the standard merger litigation—is misplaced. The so-called "outside date" referred to (Mem. of Law at 2) is purely an option. Inaction by Defendants would simply extend the merger agreement with no modifications necessary.

Plaintiff is prepared to produce its Investigation Materials quickly at the appropriate time. But the Court, parties, and non-parties will be best served by following the normal course in merger cases that Plaintiff has proposed from the outset: first meet and confer about the draft proposed protective order and draft proposed case management order, and then produce relevant Investigation Materials once appropriate orders have been entered and discovery has opened.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court deny the Motion, instruct Defendants to meet and confer with Plaintiff about the draft proposed protective order and draft proposed case management order, and order the parties to file a joint submission moving for entry of the agreed-upon orders or, if complete agreement cannot be reached, outlining the parties' positions on the areas of disagreement.

Dated: June 23, 2021

Respectfully submitted,

  /s/ *William H. Jones II*
William H. Jones II
Peter M. Bozzo
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: 202-514-0230
Facsimile: 202-307-5802
E-mail: bill.jones@usdoj.gov

*Attorneys for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I certify that on June 23, 2021, I served the foregoing upon all counsel of record via the Court's CM/ECF system.

    */s/ William H. Jones II*
William H. Jones II
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: 202-514-0230
Facsimile: 202-307-5802
E-mail: bill.jones@usdoj.gov

*Attorneys for Plaintiff United States of America*