# Exhibit 1

| | |
|---|---|
| **From:** | Dan.Wall@LW.com |
| **To:** | Heipp, Justin (ATR); Lawrence.Buterman@lw.com |
| **Cc:** | Jones, Bill (ATR); Strong, Curtis (ATR); marc.williamson@lw.com; Clifford.Aronson@skadden.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com |
| **Subject:** | RE: US v. Aon/WTW - Draft proposed case management and protective orders |
| **Date:** | Tuesday, June 22, 2021 12:40:10 PM |

And as we have stated, unilaterally imposing conditions on the process is not consistent with meet and confer obligations.  We are therefore moving shortly for entry of a protective order and an accompanying directive to produce Investigation Materials immediately.

Best,
Dan

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Sent:** Tuesday, June 22, 2021 9:08 AM
**To:** Wall, Dan (Bay Area) <Dan.Wall@LW.com>; Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; Williamson, Marc (DC) <marc.williamson@lw.com>; Clifford.Aronson@skadden.com; Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>; Tavernia, Tara (DC) <Tara.Tavernia@lw.com>; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Dan,

As we have stated, we look forward to receiving your markup on the CMO, and will be prepared to meet and confer on open issues in both the CMO and PO, including a proposed schedule, after we have had an opportunity to review.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

**From:** Dan.Wall@LW.com <Dan.Wall@LW.com>

**Sent:** Monday, June 21, 2021 5:46 PM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Lawrence.Buterman@lw.com
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; marc.williamson@lw.com; Clifford.Aronson@skadden.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Dear Bill and Justin:

I write in regard to a Case Management Order for this case. We are very far apart, and unfortunately I think the odds of working out a mutually agreed-upon Order in a reasonable time frame are slim. So rather than delay the process with markups, I will address the key issues that divide us, which we propose to have the Court address as soon as possible.

First, your proposal for a February 28 trial date is a nonstarter. We will ask the Court to set the earliest trial date it can accommodate. We are prepared to try the case as early as August 23. By that date we will have the necessary clearances to close the transaction with every relevant antitrust authority, leaving only this case as an obstacle to closing. We are not about to let delay by the Division compromise the deal. So, we will resist your effort to impose unnecessary delay, get the trial date the Court can accommodate, and afterwards we can jointly fill out the schedule of intervening events and deadlines.

Second, we will not agree to the Division's proposed 30 day delay—or any delay—to negotiate a consent decree as a gating item to obtain access to the Division's investigative file. You chose to challenge in five markets; you can litigate those issues against the remedies that have already been negotiated with others and reflected in binding agreements. The only way those remedies will be reflected in a consent decree with the Division is if that is part of a broader settlement. In all events, we intend to ask the Court to order *immediate* production of the Division's investigative file. We asked to meet and confer with you about this on Saturday but you refused. Please understand our request will be made promptly and prepare accordingly.

Third, we intend to ask the Court to order the Division to answer a set of initial interrogatories, similar to those the Court in *U.S. v. Oracle* ordered the Division to answer. Although I am sure you will disagree, the Complaint is plainly lacking in basic detail concerning the definition of the relevant markets, market shares, and other issues. We could file a motion for a more definite statement under FRCP 12(e), but we have decided the course plotted in *Oracle* makes the most sense. We will forward the proposed interrogatories under separate cover.

Finally, we have no objections to the Division's proposed paragraphs 2, 3, 4, 6, 9, 10, 14, 17, 18, 19, 20, 21, 26, and 27. In due course we will send you markups on other paragraphs.

Very truly yours,

Dan

Daniel M. Wall

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8240 | M: +1.925.997.2991

---

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Sent:** Saturday, June 19, 2021 5:39 PM
**To:** Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>; Wall, Dan (Bay Area) <Dan.Wall@LW.com>
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; Williamson, Marc (DC) <marc.williamson@lw.com>; Clifford.Aronson@skadden.com; Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>; Tavernia, Tara (DC) <Tara.Tavernia@lw.com>; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Larry,

As I've said, we will be ready to meet and confer on all the interrelated issues raised in our draft proposed PO and CMO on Monday or Tuesday after we receive and review your comments on the draft proposed CMO.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

---

**From:** Lawrence.Buterman@lw.com <Lawrence.Buterman@lw.com>
**Sent:** Saturday, June 19, 2021 7:53 PM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Dan.Wall@LW.com
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; marc.williamson@lw.com; Clifford.Aronson@skadden.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com

**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Thanks for your email Justin. We just disagree with the notion that DOJ can or should delay executing a PO because it wants to control when it is obligated to produce critical documents. While this email exchange has been helpful in understanding the Division's position, at this juncture we think it would be best to get on the phone with you this evening and meet and confer on the issue of the protective order. Please let us know your availability or whether the Division is taking the position that it will not meet and confer with us until next week.

Thanks and look forward to speaking,

Larry

**Lawrence E. Buterman**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1264 | M: +1.917.589.5124

---

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Date:** Saturday, Jun 19, 2021, 6:50 PM
**To:** Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>, Wall, Dan (Bay Area) <Dan.Wall@LW.com>
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>, Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>, Williamson, Marc (DC) <marc.williamson@lw.com>, Clifford.Aronson@skadden.com <Clifford.Aronson@skadden.com>, Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>, Tavernia, Tara (DC) <Tara.Tavernia@lw.com>, Karen.Lent@skadden.com <Karen.Lent@skadden.com>, David.Wales@skadden.com <David.Wales@skadden.com>, Matthew.Martino@skadden.com <Matthew.Martino@skadden.com>, Michael.Sheerin@skadden.com <Michael.Sheerin@skadden.com>
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Larry,

As I said in my email yesterday afternoon, we will not produce investigation materials supplied by non-parties before a protective order has been entered by the Court. But the scope and process for producing investigation materials is covered in our draft proposed CMO, which is, among other reasons, why we have proposed to discuss the documents together. For instance, we need to understand whether you propose to change the definition of Investigation Materials in the draft CMO before being able to assess your proposed changes to the same term in the draft PO. The definitions in the two orders should be consistent. As I said, we will be ready to meet and confer on all these issues on Monday or Tuesday after receiving and reviewing your comments on our draft proposed CMO.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

**From:** Lawrence.Buterman@lw.com <Lawrence.Buterman@lw.com>
**Sent:** Saturday, June 19, 2021 4:52 PM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Dan.Wall@LW.com
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; marc.williamson@lw.com; Clifford.Aronson@skadden.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Justin. We did not substantively alter the definition of Investigation Materials. We just added some clarifying "including but not limited to" language. I doubt the Division has any real problems with the changes we proposed, and I doubt the Division will really want to stand up in court and try to justify to a multi day delay in getting this document filed on that basis. Let's just get this Protective Order entered today and then we can deal with the next steps. If the Division is going to insist on an executed PO as a precondition to producing Investigation Materials, it's not right for the Division to delay executing that PO. Let's work together on this.

Thanks,

Larry


**Lawrence E. Buterman**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1264 | M: +1.917.589.5124


**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Date:** Saturday, Jun 19, 2021, 4:20 PM
**To:** Wall, Dan (Bay Area) <Dan.Wall@LW.com>, Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>, Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>, Williamson, Marc (DC) <marc.williamson@lw.com>, Clifford.Aronson@skadden.com <Clifford.Aronson@skadden.com>,

Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>, Tavernia, Tara (DC) <Tara.Tavernia@lw.com>, Karen.Lent@skadden.com <Karen.Lent@skadden.com>, David.Wales@skadden.com <David.Wales@skadden.com>, Matthew.Martino@skadden.com <Matthew.Martino@skadden.com>, Michael.Sheerin@skadden.com <Michael.Sheerin@skadden.com>
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Dan,

As I said, we are currently reviewing your changes to the PO, which you sent just this morning. One of your proposed changes makes the definition of Investigation Materials inconsistent with the definition of the same term in our draft proposed CMO. For that reason and others, it makes sense to talk about the two orders together. We are certainly willing to meet and confer. If you send your comments to our draft proposed CMO soon, we should be able to discuss on Monday or Tuesday.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

**From:** Dan.Wall@LW.com <Dan.Wall@LW.com>
**Sent:** Saturday, June 19, 2021 3:13 PM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Lawrence.Buterman@lw.com
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; marc.williamson@lw.com; Clifford.Aronson@skadden.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Justin, we categorically disagree.  If that is the position you are going to take, we will be forced to move for a PO and advise the Court that you declined to meet and confer.

Dan

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Sent:** Saturday, June 19, 2021 12:11 PM

**To:** Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>
**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; Williamson, Marc (DC) <marc.williamson@lw.com>; Clifford.Aronson@skadden.com; Wall, Dan (Bay Area) <Dan.Wall@LW.com>; Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>; Tavernia, Tara (DC) <Tara.Tavernia@lw.com>; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** Re: US v. Aon/WTW - Draft proposed case management and protective orders

Dear Larry,

As I mentioned, we are reviewing your changes to the draft PO. We have not agreed to any changes. Particularly with respect to the definition of Investigation Materials, it is important for us to have a common understanding of the process for producing those materials before finalizing a definition, and therefore important to review and discuss the CMO at the same time.

Best,
Justin

> On Jun 19, 2021, at 1:54 PM, Lawrence.Buterman@lw.com wrote:
>
> Thanks Justin. We're working on edits to the CMO. But since the Protective Order is agreed upon and ready to be submitted to the Court, let's go ahead and get that done now. The Protective Order here is a stand alone document, and its terms will not be impacted by whatever is decided with respect to the CMO.
>
> All the best,
>
> Larry
>
> **Lawrence E. Buterman**
>
> **LATHAM & WATKINS LLP**
> 1271 Avenue of the Americas | New York, NY 10020
> D: +1.212.906.1264 | M: +1.917.589.5124
>
> ---
>
> **From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
> **Date:** Saturday, Jun 19, 2021, 1:11 PM
> **To:** Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>, Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>, Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>
> **Cc:** Williamson, Marc (DC) <marc.williamson@lw.com>, Clifford.Aronson@skadden.com <Clifford.Aronson@skadden.com>, Wall, Dan (Bay Area) <Dan.Wall@LW.com>, Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>, Tavernia, Tara (DC) <Tara.Tavernia@lw.com>, Karen.Lent@skadden.com <Karen.Lent@skadden.com>, David.Wales@skadden.com <David.Wales@skadden.com>,

Matthew.Martino@skadden.com <Matthew.Martino@skadden.com>,
Michael.Sheerin@skadden.com <Michael.Sheerin@skadden.com>
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Thanks for this draft, Larry. We are reviewing your changes. Do you know when we can expect your thoughts on the draft CMO? Because the two orders interact in a number of ways, including, for example, the definition of Investigation Materials, we think it makes sense and will be most efficient to review and discuss both orders together.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

---

**From:** Lawrence.Buterman@lw.com <Lawrence.Buterman@lw.com>
**Sent:** Saturday, June 19, 2021 10:04 AM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>
**Cc:** marc.williamson@lw.com; Clifford.Aronson@skadden.com; Dan.Wall@LW.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com; Karen.Lent@skadden.com; David.Wales@skadden.com; Matthew.Martino@skadden.com; Michael.Sheerin@skadden.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Hi Justin.  Thanks for your response. While we disagree with the Division's position, let's discuss that at a later time.  For now, in the interest of moving this process forward, attached is our light markup to your draft Protective Order.  Because it is critical that the Division begin providing us Investigation Materials immediately, we have decided not to include in this markup the provision I previously mentioned or any other substantive changes.  Accordingly, we ask that you confirm right away that this Protective Order is acceptable so we can finalize and submit it today.

Thanks and all the best,

Larry

**Lawrence E. Buterman**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1264 | M: +1.917.589.5124

---

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Sent:** Friday, June 18, 2021 4:48 PM
**To:** Buterman, Larry (NY-DC) <Lawrence.Buterman@lw.com>; Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>
**Cc:** Williamson, Marc (DC) <marc.williamson@lw.com>; Clifford.Aronson@skadden.com; Wall, Dan (Bay Area) <Dan.Wall@LW.com>; Sullivan, Marguerite (DC) <Marguerite.Sullivan@lw.com>; Tavernia, Tara (DC) <Tara.Tavernia@lw.com>
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Dear Larry,

We look forward to receiving your markups of the draft protective order and case management order. We will be available to discuss after receiving and reviewing your drafts.

While we appreciate your representation that you intend to make only minor changes to the draft protective order, we do not agree that anyone beyond outside counsel should be permitted to access non-party confidential information. Such a change represents a significant proposal, which we can assess with your drafts. In any event, we will not disclose non-parties' information before a protective order has been entered by the Court. Non-parties provided information with assurances of confidentiality and, although we acknowledge your representation that you will abide by the draft protective order, the best way to ensure confidentiality for non-party materials is through a judicially enforceable order.

Best,
Justin

--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574

---

**From:** Lawrence.Buterman@lw.com <Lawrence.Buterman@lw.com>
**Sent:** Friday, June 18, 2021 2:08 PM
**To:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>; Jones, Bill (ATR)

<Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>
**Cc:** marc.williamson@lw.com; Clifford.Aronson@skadden.com; Dan.Wall@LW.com; Marguerite.Sullivan@lw.com; Tara.Tavernia@lw.com
**Subject:** RE: US v. Aon/WTW - Draft proposed case management and protective orders

Dear Justin.  We are in receipt of DOJ's draft Protective Order and draft Case Management Order.  We are in the process of editing those documents, but can represent that our edits to your draft Protective Order will be minor and largely non-substantive.  Indeed, the only substantive provision we may be seeking that is not reflected in your draft is the ability for the parties to each designate a couple of in-house counsel who are working on the litigation to see Confidential Information.  That, as you know, is a fairly standard request.

But regardless of where we ultimately land on that, we request that DOJ immediately turn over its entire file of Investigation Materials to us starting today.  It is imperative that we receive those materials now so we can understand the scope of DOJ's investigation and begin preparing our defense, including obtaining third party discovery, which takes time.  We commit that those materials will only be shared on an outside counsel only basis consistent with the precise terms of DOJ's draft Protective Order until and unless a modified Protective Order is entered by the Court.  Accordingly, there is no basis for DOJ to not produce the materials immediately.

If we do not have all the Investigation Materials by the time we speak with the Court, we plan to argue the Division's failure to produce those materials immediately is evidence of the Division's efforts to cause unnecessary delay.  We are willing to accept a rolling production to the extent that there are certain materials that will require less time to prepare to produce (e.g., investigative hearing transcripts, declarations, CIDs, etc.).  We would be happy to discuss that further, and we are available to talk at any point today or this weekend.  We look forward to receiving the Investigative Materials immediately.

All the best,

Larry

**Lawrence E. Buterman**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1264 | M: +1.917.589.5124

---

**From:** Heipp, Justin (ATR) <Justin.Heipp@usdoj.gov>
**Sent:** Wednesday, June 16, 2021 9:15 PM
**To:** Williamson, Marc (DC) <marc.williamson@lw.com>; Clifford.Aronson@skadden.com

**Cc:** Jones, Bill (ATR) <Bill.Jones2@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>
**Subject:** US v. Aon/WTW - Draft proposed case management and protective orders

Good evening,

Attached are drafts of proposed case management and protective orders. Let us know when you would like to discuss.

Best,
Justin


--
Justin T. Heipp
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20001
Cell: 202-299-4574


_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.