IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.: 21-cv-1633-RBW |
| Aon plc et al., | |
| Defendant. | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED ENTRY OF PROTECTIVE ORDER**

The Antitrust Division of the Department of Justice ("Division") has filed a multi-page opposition brief urging this Court *not to enter the Division's own draft Protective Order*. In making that remarkable request, the Division does not claim that there is any substantive problem with its draft Protective Order. Rather, it does not want the Court to enter its Protective Order because doing so would remove an artificial impediment the Division has erected to production of critical third-party materials from its investigation.

The Division claims Defendants' motion should be denied because Defendants failed to meet and confer with the Division. But as is clear from the email exhibits both sides submitted, Defendants repeatedly requested to meet and confer with the Division, and *the Division* repeatedly refused those requests unless Defendants agreed to discuss and resolve everything that goes into a Case Management Order at the same time. Neither the Federal Rules, the Local Rules nor this Court's standing orders contemplate that a party would refuse a request to meet and confer, directly or by conditions, and then seek dismissal of a motion based on the failure to meet and confer.

1

The Division also suggests that the indefinite delay it seeks in production of its Investigation Materials is necessary to protect third parties' rights to confidentiality. That is also not credible because it ignores that Defendants agreed to keep all materials confidential and on an outside counsel only basis pursuant to the precise terms of the Division's proposed Protective Order—thereby wholly resolving the Division's stated concern. The Division's proposed Protective Order is one-sided and unfair to Defendants, but to get prompt access to the Division's Investigation Materials, Defendants agreed to everything of substance.

The Division next argues that "Plaintiff and Defendants have not yet had a discovery conference under Rule 26(f)," and "[u]ntil such conference occurs, Defendants are barred from seeking discovery of the Investigation Materials." That argument is grossly misleading for reasons that the Division itself states. The protective order is a first step in the process by which Defendants obtain access to third-party materials. It precedes notice being given to third parties and the actual production of documents, which is the "process designed to safeguard the confidential information of non-parties." DOJ Opp. at 4. The Division will not commence that process until a protective order is in place. The immediate significance of the entry of the protective order is that third parties can be provided notice. The parties will negotiate, and ask the Court to enter, a Case Management Order (among other things permitting immediate discovery) in parallel.

Finally, the Division suggests that there is some sort of standard "practice in merger cases" that protective orders not be entered until case management orders are negotiated and filed. That is simply false. Sometimes that occurs, but there is no standard practice corresponding to the Division's insistence in this case that a protective order it drafted cannot be entered on its own.

That is really the bottom line: the Division drafted this Protective Order, it has been agreed to by the parties, and there is no legitimate reason why it should not be entered now.

Defendants ask the Court to order the Division to immediately turn over its Investigation Materials to Defendants. We do not quarrel with the point that "immediate" is not "instantaneous," nor that the Division will need to notify third parties before their materials are provided. But there is no good reason for any artificial delay. In its opposition, the Division does not contest that it is critical for Defendants to receive these materials promptly. In fact, the Division acknowledges when it comes to its Investigation Materials, "[p]rovisions for early discovery are common." Nonetheless, here, the Division will only commit that it will produce said materials "at the appropriate time."

Defendants respectfully submit that "the appropriate time" is now. The Division has been investigating this transaction for over 14 months. It has utilized its investigative powers to collect millions of documents and take numerous depositions. Defendants have a right to know now what that evidence is. Delaying production of those materials will only serve to delay Defendants from timely reaching trial. That is not acceptable, especially given that the outside date for this transaction is in September. The Division should be working with Defendants to produce its Investigation Materials and have this case ready for trial on a time frame that will allow this Court to decide this case on the merits. Instead, only a week into this case, it is putting up procedural roadblocks and seeking to start trial *a half year after* the outside date for this deal which, contrary to the government's suggestion, bears critical significance to Defendants and their shareholders in this $30 billion transaction, as well as to the employees and clients who face tremendous uncertainty as the deal remains pending.

The Division decided to bring suit to enjoin Aon's proposed acquisition of Willis Towers Watson, presumably believing it had the evidence to support the extraordinary relief it is seeking. Thus, the Division should be willing to allow the acquisition to rise or fall based on the merits, and immediately produce the evidence on which it relied in making that decision.

## CONCLUSION

For all these reasons, Defendants respectfully request entry of the Protective Order and that the Division be ordered to immediately produce its Investigation Materials, pursuant to the draft Orders attached to Defendants' Motion.

Dated:  June 24, 2021

Respectfully submitted,

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com


Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

Clifford Aronson
David Wales
Karen Hoffman Lent (*Pro Hac Vice* Pending)
Matthew M. Martino (*Pro Hac Vice* Pending)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone (212) 735-3000
Clifford.Aronson@skadden.com
David.Wales@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

*Attorneys for Defendant Willis Towers Watson plc*

5

6