IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Aon plc et al.,<br><br>    Defendant. | Case No.: 21-cv-1633-RBW |

**DEFENDANTS' MOTION FOR EXPEDITED ENTRY OF SCHEDULING ORDER**

Defendants Aon plc and Willis Towers Watson plc, through counsel, hereby move the Court pursuant to L. Civ. R. 16.1 and Fed. R. Civ. P. 16(b) for the expedited entry of an Order setting trial to commence on August 23, 2021, or as soon thereafter as the Court can accommodate, so that the Court can rule on the acquisition before the "Outside Date" for the transaction. The parties have met and conferred on this question pursuant to L. Civ. R. 7(m) and have been unable to reach agreement.

A memorandum of points and authorities in support of the motion, the Certificate of Conference, and the Proposed Scheduling Order are being submitted herewith.

1

Dated:  June 27, 2021 　　　　　　　　　　Respectfully submitted,

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

Clifford Aronson  (DC Bar No. 335182)
Karen Hoffman Lent (Admitted *Pro Hac Vice*)
Matthew M. Martino (Admitted *Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone (212) 735-3000
Fax: (212) 735-2000
Clifford.Aronson@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

        David P. Wales (DC Bar No. 456894)
        Skadden, Arps, Slate, Meagher & Flom LLP
        1440 New York Avenue, N.W.
        Washington, DC 20005
        Telephone: (202) 371-7000
        Fax: (202) 393-5760
        David.Wales@skadden.com

        *Attorneys for Defendant Willis Towers Watson plc*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

Aon plc et al.,

        Defendant.

Case No.: 21-cv-1633-RBW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR EXPEDITED ENTRY OF SCHEDULING ORDER**

Aon plc ("Aon") and Willis Towers Watson plc ("WTW") (collectively, the "Defendants") are two of the many professional services firms that help companies assess and find insurance to meet their risk and health needs. They are, in other words, insurance brokers. Over 15 months ago, on March 9, 2020, Aon announced that it was combining with WTW in a $30 billion transaction. Since then, Defendants have worked cooperatively to obtain clearance from regulators in the United States, Europe, and many other jurisdictions. Defendants have produced millions of documents and substantial volumes of data, made numerous employees available for depositions, and responded to countless questions and requests. In multiple jurisdictions, including the United States, Defendants have either proposed or agreed to divest certain businesses to address competitive concerns raised by regulators.

In every other relevant jurisdiction around the world, Defendants understand that the transaction is on a path to obtain timely clearance. That includes the European Union, whose Directorate General for Competition is broadly regarded as the most aggressive antitrust regulator in the world. But, here, the Antitrust Division of the Department of Justice ("Division" or

1

"Plaintiff") has sued to enjoin the deal.  As the Court will learn, litigation was necessary solely because the Division insists on arguing that in two lines of business the merger may substantially lessen competition for "large customers"—a theory that courts have rejected in the past.  *See, e.g., United States v. Oracle Corp.,* 331 F. Supp. 2d 1098 (N.D. Cal. 2004).  Plaintiff will not be able to meet its burden to show that this transaction is anticompetitive.  Indeed, this transaction will enhance competition by enabling the merged company to innovate better and help clients to mitigate risks that are presently underinsured or uninsurable, and generate significant annual cost savings.

Which side is right, and whether this transaction can be consummated, are questions that will impact not only Defendants and their shareholders, but countless employees and clients who face uncertainty while the transaction is pending.  They are also questions that this Court should decide on the merits.  For that to happen, Defendants need a trial date that is within (or as close thereafter as the Court can accommodate) the "Outside Date" of September 9, 2021, in Defendants' March 2020 Business Combination Agreement.  Unfortunately, Plaintiff has proposed that trial not commence until February 28, 2022—*six months after* the Outside Date and almost *two years after* the transaction was announced and Plaintiff's investigation began.  That is untenable to Defendants.  The possibility that a $30 billion transaction might fail due to unnecessary delays on the part of Plaintiff should be unacceptable to all.

15 U.S.C. § 25 provides that, in an injunctive action under Section 7 of the Clayton Act, "the court shall proceed, as soon as may be, to the hearing and determination of the case."  Consistent with this principle, and also in recognition that the period when litigation is pending can cause significant disruption and financial uncertainty to parties and other stakeholders, merger challenges ordinarily move from complaint to expedited discovery to a bench trial in a few months.

*See, e.g.*, *United States v. US Airways Grp.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013) ("Indeed, because of the need for the prompt resolution of this matter, the Court has set an expedited discovery and trial schedule.") (104 days from initial complaint to trial); *United States v. H & R Block, Inc.*, 833 F. Supp. 2d 36, 44 (D.D.C. 2011) ("[T]he Court entered a scheduling order in this case that provided for an expedited schedule of fact and expert discovery and briefing on the government's anticipated motion to enjoin the transaction.") (106 days from complaint to trial). Government merger challenges have been scheduled for trial as quickly as two and a half months after the Complaint was filed. *F.T.C. v. Sysco Corp.*, 113 F. Supp. 3d 1 (D.D.C. 2015); *see also, e.g.*, *F.T.C. v. RAG-Stiftung*, 436 F. Supp. 3d 278 (D.D.C. 2020) (102 days from complaint to trial); *F.T.C. v. Wilh. Wilhelmsen Holding ASA*, 341 F. Supp. 3d 27 (D.D.C. 2018) (96 from complaint to trial). This case should be no different.

The Division is resisting an early trial date in this case, and in the meet and confer process refused to answer the straightforward question: "What is the earliest trial date the Division will accept?" Instead, the Division asserts that it can only negotiate an appropriate trial date in the context of a fully executed Case Management Order. That is not true; whenever there is expedited litigation, it is common to start with the end point, such as a trial date, and then set interim deadlines that make sense in relation to that date. That is the most practical course and Defendants' preference here, since what actually occurs during discovery will be dictated (as it always is) by what can reasonably be accomplished during the relevant timeframe. Plaintiff's proposal to put everything off until there is agreement on a Case Management Order is also inefficient and impractical.[1] Resolving everything in that document should not be a precondition to an overall

---

[1] Plaintiff's proposed Case Management Order is a 28-page document which requires Defendants to give up numerous substantive rights in litigation—from the ability to file dispositive motions to the ability to demand the Division provide certain details regarding their theories of harm.

3

schedule. A more efficient approach would be to first set a trial date and then agree to a full Case Management Order based on the established timeframe.

Defendants' proposed trial date is reasonable in light of the circumstances and will not deny Plaintiff sufficient time to prepare its case. In merger reviews, the government always looks to see what the parties have set in terms of an Outside Date, as that is a strong indication of how much time the government has to both investigate and litigate the transaction. The 18 months from the signing of the transaction to the Outside Date in this transaction provided the Division with more than enough time to both investigate and litigate. Indeed, Plaintiff has spent more than 14 months investigating the transaction, and Defendants have repeatedly accommodated Plaintiff's requests for more time to investigate than what is afforded to Plaintiff under the Hart-Scott-Rodino Act.

At the Division's insistence, Defendants and the Division also entered into a "Timing Agreement" that gave the Division an extra 60 days beyond the 30 days set by statute to evaluate the merits of their transaction after the production of requested data and documents. Those 90 days expired on February 1, 2021—four months ago. Nonetheless, Plaintiff waited until June 16, 2021 to file its complaint, rather than sue in February, which would have permitted a relatively lengthy schedule by merger challenge standards. That decision to elongate its investigation and delay suit was the Division's and the Division's alone. That it may have misallocated the considerable time it had to investigate this transaction is not a reason for forcing Defendants to

---

During its investigation, the Division similarly required Defendants to agree to give up numerous rights in order to "ensure" that the Division had sufficient time to review the transaction, including the right to seek a declaratory judgment, the right to require the Division to seek a temporary restraining order or preliminary injunction, and the right to argue that the Division's extensive pre-litigation investigation should limit the discovery it needs for litigation.

consummate this transaction after the Outside Date. Plaintiff has already had ample time to prepare for litigation and has no credible basis to request delaying the trial until after the Outside Date.

Defendants are eager to move forward with the deal and start bringing the benefits of this transaction to their clients. And each day that the transaction remains pending, Defendants are losing top talent—and their clients—to competitors, and clients are facing uncertainty as they consider which firm to use. Eight more months of uncertainty—as would be required under the Division's proposed trial schedule—are unsustainable.

Unlike certain other countries, our laws do not provide our antitrust enforcers with the actual power to block a transaction. Rather, that authority rests with the Court. All Defendants seek is for the Court to adopt a trial date that ensures that the merits, not the Division's delay in commencing suit, dictate the fate of this transaction.

Accordingly, Defendants seek to begin trial as expeditiously as the Court's schedule permits and are prepared to begin trial as early as August 23, 2021.

## CONCLUSION

For the reasons above, Defendants respectfully request that the Court enter an Order setting trial to begin on August 23, 2021, or as soon thereafter as the Court can accommodate. Defendants stand ready to address these issues with the Court by telephonic or video conference at the Court's convenience.

Dated: June 27, 2021

Respectfully submitted,

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

Clifford Aronson (DC Bar No. 335182)
Karen Hoffman Lent (Admitted *Pro Hac Vice*)
Matthew M. Martino (Admitted *Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Clifford.Aronson@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

6

David P. Wales (DC Bar No. 456894)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Fax: (202) 393-5760
David.Wales@skadden.com

*Attorneys for Defendant Willis Towers Watson plc*

**CERTIFICATE OF CONFERENCE**

     Pursuant to L. Civ. R. 7(m), I hereby certify that Defendants' conferred in good faith with counsel for plaintiff by telephone on June 25, 2021, in an attempt to reach agreement on a stipulated Scheduling Order in lieu of the foregoing "DEFENDANTS' MOTION FOR EXPEDITED ENTRY OF SCHEDULING ORDER." The parties have been unable to reach agreement.

                                                /s/ E. Marcellus Williamson
                                                Attorney for Aon plc