# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br>v.<br><br>AON plc<br>and<br>WILLIS TOWERS WATSON plc,<br><br>        *Defendants.* | Civil Action No. 1:21-cv-01633 |

**[PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER**

1. **Case Schedule**. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a). The Parties have not been able to settle the allegations for two of the five relevant product markets in the Complaint: Count One and Count Two. The Parties may, however, be able to agree on settlements to resolve the anticompetitive effects alleged for three of the five relevant product markets in the Complaint: Count Three, Count Four, and Count Five (the "Potential Settlement Markets"). Accordingly, this schedule begins with a period, not to exceed 30 calendar days after the filing of this Order, during which the Parties will negotiate, in good faith, to finalize a consent decree with respect to the Potential Settlement Markets to preserve the competition in those relevant product markets that the United States alleges in the Complaint will be harmed by the Planned Transaction (the "Settlement Negotiation Period"). Should the Parties agree to and finalize such a consent decree for any of the Potential Settlement Markets alleged in the Complaint before the end of the Settlement Negotiation Period, this Order will apply only to any relevant product markets alleged in the Complaint that

are not addressed by the consent decree. Should the Parties not reach agreement on such a consent decree for any of the Potential Settlement Markets alleged in the Complaint before the end of the Settlement Negotiation Period, this Order will apply to all relevant product markets alleged in the Complaint. Should the Court ultimately enjoin the Planned Transaction on the basis of any of the relevant product market(s) alleged in the Complaint, the Parties agree that any consent decree previously agreed to by the Parties will become null and void. Should the Court ultimately not enjoin the Planned Transaction on the basis of any of the relevant product market(s) alleged in the Complaint, the Parties agree to then file the consent decree finalized during the Settlement Negotiation Period and proceed according to the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16. The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Settlement Negotiation Period begins | On filing of this proposed Order |
| Fact discovery begins | The earlier of (i) 1 business day after the Parties finalize and agree to a consent decree on Counts Three, Four, and/or Five or (ii) [July 19, 2021], which is the first business day following a 30-calendar-day Settlement Negotiation Period |
| Parties produce Investigation Materials | 10 business days after the later of (i) fact discovery beginning or (ii) the entry of a Protective Order |
| Answers to Complaint due | 10 business days after fact discovery begins |
| Deadline to amend pleadings or join parties | 7 calendar days after filing of Answers |

| Event | Date |
|---|---|
| Parties exchange preliminary trial witness lists | [August 30, 2021]<br><br>[6 weeks after fact discovery begins]<br>[26 weeks before trial] |
| Parties exchange final trial witness lists | [October 12, 2021]<br><br>[12 weeks + 1 calendar day after fact discovery begins]<br>[19 weeks + 6 calendar days before trial] |
| Close of fact discovery | [November 22, 2021]<br><br>[12 weeks after exchange of preliminary witness lists]<br>[18 weeks after fact discovery begins]<br>[14 weeks before trial] |
| Initial Expert Report: Plaintiff to serve its Rule 26(a)(2)(B) initial expert witness disclosures in support of its claims or on any issue on which Plaintiff bears the burden of proof that contain complete statements of all opinions the witness(es) will express and the basis and reasons for those opinions; Defendants to serve their Rule 26(a)(2)(B) initial expert witness disclosures on efficiencies and synergies or any other issue on which Defendants bear the burden of proof that contain complete statements of all opinions the witness(es) will express and the basis and reasons for those opinions | [November 23, 2021]<br><br>[18 weeks + 1 calendar day after fact discovery begins]<br>[13 weeks + 6 calendar days before trial] |
| Close of Supplemental Discovery | [December 7, 2021]<br><br>[20 weeks + 1 calendar day after fact discovery begins]<br>[11 weeks + 6 calendar days before trial] |

| Event | Date |
|---|---|
| Rebuttal Expert Report: Parties serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence or opinions contained in Initial Expert Reports, as well as any expert witness disclosures that contain evidence or opinions related to topics on which a Party does not bear the burden of proof | [December 14, 2021]<br><br>[3 weeks after Initial Expert Report]<br>[21 weeks + 1 calendar day after fact discovery begins]<br>[10 weeks + 6 calendar days before trial] |
| Reply Expert Report: Parties serve supplemental/rebuttal expert witness disclosures that are intended solely to contradict or rebut evidence or opinions contained in Rebuttal Expert Reports | [January 4, 2022]<br><br>[3 weeks after Rebuttal Expert Report]<br>[24 weeks + 1 calendar day after fact discovery begins]<br>[7 weeks + 6 calendar days before trial] |
| Close of expert discovery | [January 10, 2022]<br><br>[6 calendar days after Reply Expert Report]<br>[25 weeks after fact discovery begins]<br>[7 weeks before trial] |
| Parties exchange exhibit lists and opening deposition designations | [January 10, 2022]<br><br>[6 calendar days after Reply Expert Report]<br>[25 weeks after fact discovery begins]<br>[7 weeks before trial] |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party | [January 11, 2022]<br><br>[1 calendar day after exchanging exhibit list and depo designations]<br>[25 weeks + 1 calendar day after fact discovery begins]<br>[6 weeks + 6 calendar days before trial] |

DOJ DRAFT 6/16/21 – FOR DISCUSSION PURPOSES

| Event | Date |
|---|---|
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations | [January 20, 2022]<br><br>[10 calendar days after exchanging exhibit list and depo designations]<br>[6 months + 1 calendar day after fact discovery begins]<br>[5 weeks + 4 calendar days before trial] |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | [January 21, 2022]<br><br>[10 calendar days after non-parties receive notice]<br>[6 months + 2 calendar days after fact discovery begins]<br>[5 weeks + 3 calendar days before trial] |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | [January 27, 2022]<br><br>[1 week after exchanging objections and counter-designations]<br>[6 months + 8 calendar days after fact discovery begins]<br>[4 weeks + 4 calendar days before trial] |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists | [January 31, 2022]<br><br>[6 months + 12 calendar days after fact discovery begins]<br>[4 weeks before trial] |
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | [February 2, 2022]<br><br>[6 months + 2 weeks after fact discovery begins]<br>[3 weeks + 5 calendar days before trial] |

DOJ DRAFT 6/16/21 – FOR DISCUSSION PURPOSES

| Event | Date |
|---|---|
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | [February 4, 2022]<br><br>[6 months + 16 calendar days after fact discovery begins]<br>[3 weeks + 3 calendar days before trial] |
| Joint submission regarding disputes about admissibility of trial exhibits and deposition designations | [February 8, 2022]<br><br>[6 months + 20 calendar days after fact discovery begins]<br>[2 weeks + 6 calendar days before trial] |
| Joint submission regarding disputes about confidentiality of Party documents on trial exhibit lists to be filed | [February 8, 2022]<br><br>[6 months + 20 calendar days after fact discovery begins]<br>[2 weeks + 6 calendar days before trial] |
| Joint submissions regarding disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed | [February 8, 2022]<br><br>[6 months + 20 calendar days after fact discovery begins]<br>[2 weeks + 6 calendar days before trial] |
| Pretrial briefs to be filed | [February 8, 2022]<br><br>[6 months + 20 calendar days after fact discovery begins]<br>[2 weeks + 6 calendar days before trial] |
| Motions *in limine* to be filed | [February 10, 2022]<br><br>[6 months + 22 calendar days after fact discovery begins]<br>[2 weeks + 4 calendar days before trial] |

DOJ DRAFT 6/16/21 – FOR DISCUSSION PURPOSES

| Event | Date |
|---|---|
| Oppositions to motions *in limine* to be filed | [February 17, 2022]<br><br>[1 week after motions filed]<br>[6 months + 29 calendar days after fact discovery begins]<br>[1 week + 4 calendar days before trial] |
| Replies in support of motions *in limine* to be filed | [February 21, 2022]<br><br>[4 calendar days after oppositions filed]<br>[7 months + 2 calendar days after fact discovery begins]<br>[1 week before trial] |
| Final pretrial conference | [February 22, 2022]<br><br>[7 months + 3 calendar days after fact discovery begins]<br>[6 calendar days before trial], or at the Court's earliest convenience thereafter |
| Parties submit final trial exhibits to Court | [February 25, 2022]<br><br>[7 months + 6 calendar days after fact discovery begins]<br>[3 calendar days before trial] |
| Trial begins | [February 28, 2022]<br><br>[7 months + 9 calendar days after fact discovery begins; to start on a Monday], or at the Court's earliest convenience thereafter |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed | [4 weeks after trial concludes] |

2.    **Service of Complaint**.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.      **Discovery Conference**.  The Parties' prior consultations and submission of this Order relieve the Parties of their duty under Federal Rule of Civil Procedure 26(f).

4.      **Completion of Planned Transaction**.  Defendants have agreed that they will not close, consummate, or otherwise complete the Planned Transaction until 12:01 a.m. on the tenth day following the entry of the judgment by the Court, and only if the Court enters an appealable order that does not prohibit consummation of the transaction.  For purposes of this Order, "Planned Transaction" means Aon plc's planned acquisition of Willis Towers Watson plc.

5.      **Dispositive Motions**.  Due to the compressed schedule before trial, the Parties agree that no motions to dismiss and no motions for summary judgment will be filed in this action.  Defendants consent to personal jurisdiction and venue in this Court.

6.      **Discovery of Confidential Information**.  Discovery and production of confidential information will be governed by any Protective Order entered by the Court in this action.  When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

7.      **Investigation Materials**

(a)      **Definitions**.  For purposes of this Order, the following definitions apply:

(i)      "Party" means the Antitrust Division of the U.S. Department of Justice, defendant Aon plc, or defendant Willis Towers Watson plc.

(ii)      "Relevant Materials" means (A) documents; (B) data; (C) correspondence; (D) transcripts of testimony; and (E) witness statements, including draft and final versions of declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

(iii)    "Investigation Materials" means non-privileged Relevant Materials that (A) either (1) were sent or received by any Party (including its counsel) to or from any non-party (including its counsel) before this action was filed; or (2) were sent by any Defendant (including its counsel), or affiliated person or entity, to Plaintiff (including its counsel) before this action was filed; and (B) either (1) relate in any way to any review, assessment, or investigation of the Planned Transaction; or (2) could be used in any way to support or undermine either any claim that the Planned Transaction would violate Section 7 of the Clayton Act or any defense to such a claim. Relevant Materials sent or received solely by any Party (including its counsel) to or from any potential or actual retained expert are not "Investigation Materials" and must be disclosed, if at all, only in accordance with the schedule for expert disclosures and paragraph 21 of this Order. Relevant Materials obtained by the United States during an investigation or litigation other than investigation of the Planned Transaction are not "Investigation Materials," and nothing in this Order requires their disclosure. Communications between counsel for the United States and any of the following entities are not "Investigation Materials" and nothing in this Order requires their disclosure: (X) foreign competition authorities; (Y) state governmental entities; or (Z) executive-branch agencies of the federal government.

(b)    **Production**. Consistent with the schedule above, the Parties will produce all Investigation Materials, regardless of whether the materials were collected or received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a Party collected or received the materials in hard-copy or electronic form, except that (i) the United States need not produce to Defendants the Investigation Materials that it received from any Defendant; and (ii) Defendants need not produce again to the United States the Investigation Materials that they have previously produced to the United States.

(c)     **Privilege**. Pursuant to Federal Rule of Evidence 502(d), the production of Investigation Materials does not constitute a waiver of any protection that would otherwise apply to any other attorney work product, confidential attorney-client communications, or materials subject to the deliberative-process or any other governmental privilege concerning the same subject matter as such Investigation Materials.

(d)     **Confidentiality**. At all times before the Court enters a Protective Order, the Parties must treat all Investigation Materials provided as required by paragraph 7(b) of this Order as "Confidential Information," as described in the [concurrently] filed proposed Stipulated Protective Order.

(e)     **Interview Memoranda**. The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with paragraph 21 of this Order.

8.     **Initial Disclosures.** The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms of this Order.

9.     **Statement Regarding Local Civil Rule 16.3(c)(3): Assignment to Magistrate Judge.** The Parties do not believe this matter should be assigned to a magistrate judge for all purposes, including trial.

10.     **Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.** All Parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to settle the matter. The Parties do not believe that this case would benefit from some form of alternative dispute resolution.

11.      **Timely Service of Fact Discovery and Supplemental Discovery**.  All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-parties, related to any person identified on a Party's final trial witness list who was not identified on that Party's preliminary trial witness list (including document and deposition discovery related to entities related to any such person).  Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchanging the final trial witness lists.

12.      **Subpoenas**.  A Party may serve a subpoena of the type described in Federal Rule of Civil Procedure 45(a)(4) at any time after serving on the other Parties a notice and a copy of the subpoena.

13.      **Written Discovery on Parties**.

(a)      **Document Requests**.  There is no limit on the number of requests for the production of documents that may be served by the Parties.  The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched.  Responsive productions (to the extent not subject to any objections or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues, must be made on a rolling basis and must begin no later than 21 days after service of the request for production.   The Parties must make good-faith efforts to complete responsive productions no later than 28 days after service of the request for production.

Should any objections or custodian issues remain unresolved for 14 days or more after service of the request for production, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or custodian issues. Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within 3 business days after the requests are served; (ii) make responsive productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; (iii) begin such productions no later than 7 days after the requests are served; and (iv) complete such productions no later than 7 days after resolution of objections and custodian issues.

(b)    **Data Requests**. In response to any requests for data or data compilations, the Parties will meet and confer in good faith regarding the requests and will make employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process. Throughout the meet-and-confer process, the Parties will work in good faith to complete production of data or data compilations, but must comply with the requests for production no later than 28 days after service of the requests for production, unless otherwise extended by agreement between the Parties.

(c)    **Interrogatories**. Interrogatories are limited to 5 (including discrete subparts) by the United States to each Defendant and to 5 (including discrete subparts) by Defendants collectively to the United States. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties

must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

(d)     **Requests for Admission**.  The Parties agree not to serve requests for admission.

14.     **Written Discovery on Non-Parties**.  The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any discovery request to a non-party on the other Parties at the same time as the discovery request is served on the non-party. Every discovery request to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the other Parties with (i) a copy of any written communication (including email) with any non-party concerning the non-party's response to or compliance with any subpoena, including any extensions or postponements, within 36 hours of the communication; and (ii) a written record of any oral or written modifications to the subpoena, within 36 hours of the modification.

15.    **Depositions**. The United States is limited to 40 depositions of fact witnesses, and the Defendants collectively are limited to 40 depositions of fact witnesses. Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition. The following depositions do not count against the 40-deposition caps imposed by the preceding sentences: (a) depositions of any persons identified on a Party's final trial witness list who were not identified on that Party's preliminary trial witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; and (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will make witnesses available for deposition upon 7 business days' notice. Parties will make their employees available for depositions in Washington, DC, unless the Parties mutually agree to conduct the deposition virtually.

For any Party or non-party deposition conducted virtually, the deposition will take place by videoconference. The court reporter will swear the witness remotely by means of the videoconference. At any time during the deposition, the witness may request a break from the videoconference to privately consult with counsel. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties during the deposition by instant message, text message, email, or any other means not recorded

14

on the record. No participants other than the court reporter, and videographer if applicable, will record the deposition.

If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-party depositions, the non-noticing side will receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-party will count as one deposition for both sides. Any time allotted to one side not used by that side in a non-party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. Notwithstanding any other provisions in this paragraph, if the United States notices the deposition of a non-party (including an employee of a non-party) to or with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) to attempt to address the United States' concerns about the Planned Transaction, then the United States will receive 7 hours of examination time for the deposition.

Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition. Depositions taken pursuant to Civil Investigative Demands may be used at trial in the same manner as depositions taken pursuant to the Federal Rules of Civil Procedure.

Plaintiffs may take one deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of each Defendant family, and one additional Rule 30(b)(6) deposition of Defendants collectively limited to Defendants' claimed facts and quantification of the merger's cost savings and synergies. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.

16. **Discovery from Executive-Branch Agencies**. Defendants may not seek discovery from any executive-branch agency of the federal government (including any employee of any such agency), except for the Antitrust Division of the U.S. Department of Justice. From entry of this Order until the conclusion of trial, Defendants may not submit requests under the Freedom of Information Act to any executive-branch agency of the federal government and may not take any steps to obtain responses to previously submitted requests for purposes of using such information in evidence at trial.

17. **Evidence from a Foreign Country**. Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery. For any non-party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in paragraph 15 of this Order, and any such deposition may be

conducted under United States law.  For any Party witness who resides outside the United States and is included on the witness lists of any Party, that witness will be produced by the Defendants for deposition in the United States, unless the Parties agree to conduct the deposition via remote means, as described in paragraph 15 of this Order, and under United States law.  This paragraph does not apply to documents produced to the United States during its investigation of the Planned Transaction before the Complaint was filed.

Each Party agrees that its litigation counsel in this action will accept service of a deposition notice on its behalf for any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  In addition, each Party agrees to make each such witness available for depositions in Washington, DC or another place in the United States determined by agreement of the Parties or via remote means, as described in paragraph 15 of this Order, and that any such deposition will be conducted under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a trial subpoena on its behalf for any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.  In addition, each Party agrees to make each such witness available to testify at trial in Washington, DC.

18.    **Privilege Logs**. The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:  (1) documents or

communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice); (3) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state) or foreign competition authority; (4) documents or communications sent solely between outside counsel for either Defendant and inside counsel for that Defendant; (5) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice) and counsel for any executive-branch agency of the federal government; (6) privileged draft contracts; (7) draft regulatory filings; and (8) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the Parties will insert a placeholder to indicate a document has been withheld from that family. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

19.    **Inadvertent Production of Privileged or Work-Product Documents or Information**. Pursuant to Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules does not waive any claim of privilege, work product, or any other ground for withholding production to which the Party

producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the Party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the documents or information promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

20.　　**Presumptions of Authenticity**. Documents produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. The Parties further agree that documents produced by Parties and non-parties from their own files will be presumed to be business records within the meaning of Federal Rule of Evidence 803. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

21.　　**Expert Witness Disclosures and Depositions**. Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

　　　　(a)　　Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i)      any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

        (A)    between the United States or any Defendant's counsel and the United States' or the Defendant's own testifying or non-testifying expert(s);

        (B)    between any agent or employee of the United States or Defendant's counsel and the United States or the Defendant's own testifying or non-testifying expert(s);

        (C)    between testifying and non-testifying experts;

        (D)    between non-testifying experts; or

        (E)    between testifying experts;

(ii)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

(iii)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iv)    drafts of expert reports, affidavits, or declarations; and

(v)     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b)    The Parties agree that the following materials will be disclosed:

DOJ DRAFT 6/16/21 – FOR DISCUSSION PURPOSES

(i)    all final reports;

(ii)   a list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

(iii)  copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

(iv)   a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)    a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi)   for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

The court's schedule allows for an opening, rebuttal and reply report. Any additional supplemental report may not be served without leave of court.

Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in paragraph 21(b) of this Order for all of that side's experts.

22.    **Witness Lists**. The United States is limited to 35 persons (including experts) on its preliminary trial witness list, and the Defendants collectively are limited to 35 persons (including experts) on their preliminary trial witness list. The preliminary witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

The United States is limited to 30 persons (including experts) on its final trial witness list, and the Defendants collectively are limited to 30 persons (including experts) on their final trial witness list. Each side's final trial witness list may identify no more than 5 witnesses that were not identified on that side's preliminary trial witness list. If any new witnesses are added to a final trial witness list that were not on that side's preliminary trial witness list, document discovery may be had with respect to such person(s), even if out of time, and a deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

In preparing preliminary trial witness lists and final trial witness lists, the Parties must make good-faith attempts to identify the witnesses (including expert witnesses) whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on that Party's final trial witness list; (b) all Parties agree that that Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony need not be identified on preliminary or final trial witness lists, and those witnesses do not count against the limits on the numbers of persons who may be identified on those lists.

23.     **Demonstrative Exhibits**. Unless otherwise agreed or ordered, the Parties must serve demonstrative exhibits on all counsel of record at least 24 hours before any such exhibit may be introduced (or otherwise used) at trial, except that (a) demonstrative exhibits to be introduced (or otherwise used) in connection with the rebuttal testimony of an expert witness for Plaintiff may be served fewer than 24 hours before such exhibits may be introduced (or otherwise used) if such rebuttal testimony begins fewer than 48 hours after Defendants rest their case; and (b) the following types of demonstrative exhibits need not be pre-disclosed to the opposing Party: (i) demonstrative exhibits used during opening statements or closing arguments; (ii) demonstrative exhibits used by experts that were disclosed in the experts' report, if the exhibit has not been materially changed; (iii) demonstrative exhibits used in cross examination of any witness or in direct examination of a hostile witness; (iv) demonstrative exhibits used at any hearing other than trial; and (v) demonstrative exhibits created in court during a witness's examination. Demonstrative exhibits representing data must rely only on data that has been produced to the opposing Party by the close of fact discovery or is readily available publicly.

24.     **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of

attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

> For Plaintiff United States of America:
>
> William H. Jones II (bill.jones2@usdoj.gov)
> Justin T. Heipp
> Jessica N. Leal
> Lauren G.S. Riker
> Curtis Strong
>
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street, NW, Suite 4100
> Washington, DC 20530
> Tel. 202-514-0230
>
>
> For Defendant Aon plc:
>
> [INSERT]
>
>
> For Defendant Willis Towers Watson plc:
>
> [INSERT]

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 6:00 p.m. Eastern Time will be treated as if it was served the following business day.

25. **Timely Production of Evidence Concerning Remedy**. Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or

commitment, will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the United States, unless Defendants provide a copy of the agreement, offer, or commitment to the United States by September 22, 2021.

26.    **Nationwide Service of Trial Subpoenas**. To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

27.    **Modification of Scheduling and Case Management Order**. Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any Party may seek modification of this Order for good cause.

SO ORDERED:

_____

Honorable [XXXXX]
United States District Judge

Dated: [XXXXX]