IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Aon plc et al., <br><br> Defendants. | Case No.: 21-cv-1633-RBW |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED ENTRY OF SCHEDULING ORDER

In its first three filings in this case, the Antitrust Division of the Department of Justice (the "Division") opposed entry of its own protective order, opposed setting a trial date upon which a Case Management Order could be based, and opposed answering interrogatories that would give Defendants fair notice of the theories on which this case has been brought. These positions are supported mostly by the incredible argument that Defendants are responsible for how long it took the Division to file suit. These are the facts:

- The transaction was announced on **March 9, 2020**.

- Defendants' Hart-Scott-Rodino filing was submitted on **April 24, 2020**.

- The Division issued its Request for Additional Information and Documentary Material on **June 29, 2020**, which Defendants "substantially complied" with by the first week of **November 2020**.

- The 90-day post-compliance review period the Division demanded in its "Timing Agreement"—the point at which the Division was supposed to have been ready to sue or clear the deal—expired on **February 1, 2021**.

- The Division did not file suit until **June 16, 2021**, less than three months before the Outside Date that the Division has known about throughout the last 15 months.

1

It is not productive to argue about how we got here or who bears the blame.  Everyone agrees that merger challenges are litigated very quickly.  Indeed, the *longest* schedule in the examples the Division provides (Opp. 6-7) was 160 days from complaint to trial, *three months shorter* than the Division's proposed February 28, 2022 trial date here.  Nowhere does the Division even attempt to explain why it is necessary to depart from the Division's own precedent.  Nor is it appropriate to link negotiations on a Case Management Order to the Division's proposed trial date, which is indefensible given the amount of time the Division has had to investigate this transaction and in relation to precedent merger trials.  That is what necessitated this motion.

Defendants understand the challenges of getting to trial in just two months.  We simply ask that, in setting a trial date, the Court take into account Defendants' urgent need for the earliest possible trial date, consistent with the Court's own schedule and the fact that the Division has already had ample time to prepare its case.

Dated:  July 5, 2021

Respectfully submitted,

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

Clifford Aronson (DC Bar No. 335182)
Karen Hoffman Lent (Admitted *Pro Hac Vice*)
Matthew M. Martino (Admitted *Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Clifford.Aronson@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

David P. Wales (DC Bar No. 456894)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Fax: (202) 393-5760
David.Wales@skadden.com

*Attorneys for Defendant Willis Towers Watson plc*