**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>AON plc<br>and<br>WILLIS TOWERS WATSON plc,<br><br>　　　　　　*Defendants*. | Civil Action No. 1:21-cv-01633 |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.**　**Definitions**

　　1. As used herein:

　　　　(a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

　　　　(b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(e) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice.

(f) "Investigation Materials" means non-privileged Relevant Materials that (A) either (1) were sent or received by any Party (including its counsel) to or from any non-party (including its counsel) before this action was filed; or (2) were sent by any Defendant (including its counsel), or affiliated person or entity, to Plaintiff (including its counsel) before this action was filed; and (B) either (1) relate in any way to any review, assessment, or investigation of the Planned Transaction; or (2) could be used in any way to support or undermine either any claim that the Planned Transaction would violate Section 7 of the Clayton Act or any defense to such a claim.

(g) "Relevant Materials" means (i) documents; (ii) data; (iii) correspondence; (iv) transcripts of testimony; and (v) witness statements, including draft and final versions of declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

(h) "Planned Transaction" means Aon plc's planned acquisition of Willis Towers Watson plc.

(i) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any

2

communication between any Party and any non-Party in connection with and during the pendency of this Action; (iii) any Defendant provides to Plaintiff in connection with and during the pendency of this Action; and/or (iv) Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(j) "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(k) "Party" means the United States or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

(l) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(m) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.     Designation of Confidential Information**

2. Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. Any Investigation Materials submitted by a non-party Protected Person during the Investigation, including but not limited to materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), and any information taken from any portion of such document, shall be treated as "Confidential Information." Such Investigation Materials shall be treated as Confidential Information regardless of whether or not they have been marked as such.

4. Each Defendant represents that any materials that the Defendant previously provided to the U.S. Department of Justice during the Investigation that the Defendant designated as Confidential, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), constitutes Confidential Information, as defined in subparagraph 1(b) of this Order, and the Defendant hereby designates it as such.

5. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, it may, within 7 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information.

6. DESIGNATION OF LITIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate as confidential any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

 (a) <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 21 days following receipt by deponent (or deponent's counsel, as applicable) of the final transcript, the deponent may designate as Confidential any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiff's and

Defendants' counsel listed below. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as confidential, despite any prior designation of confidentiality.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as confidential, the Party that asked such questions shall designate as confidential the portion of the transcript relating to such confidential document or information.

Counsel for Plaintiff and Defendants to be notified are as follows:

For Plaintiff United States:

> Benjamin H. Able (benjamin.able@usdoj.gov)
> Mark Rohan (mark.rohan@usdoj.gov)
>
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street, NW, Suite 4100
> Washington, DC 20530
> Tel. 202-290-6319

For Defendants Aon, plc, and Willis Towers Watson, plc:

> Meaghan Thomas-Kennedy (meaghan.thomas-kennedy@lw.com)
> Latham & Watkins LLP
> 505 Montgomery Street, Suite 2000
> San Francisco, CA 94111
> Tel. 415-395-8821
>
> Michael J. Sheerin (michael.sheerin@skadden.com)
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Manhattan West
> New York, NY 10001
> Tel. 212-735-3583

(b) <u>Documents</u>. A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each page

containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.  If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information.

(c)  <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 10(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" and include the production number and designation associated with the native file.

(d)  Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena.  Non-Parties may designate materials as confidential pursuant to the procedures in this paragraph.

7.  Any production of documents or testimony not designated as confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later

designated as confidential.  If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as confidential any Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing.  The Parties shall thereafter treat the Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.  No prior disclosure of newly designated Confidential Information shall violate this Order.  However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

      8.  In the event of a disclosure of any Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure.  The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.  Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

**C.**     <u>**Challenges to Confidential Designation Before Trial**</u>

      9.  Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection.  All materials objected to shall continue to be treated as Confidential Information pending resolution of the

dispute. If the objecting Party and the Protected Person cannot reach agreement on the objection within five business days of the Party's written notice, the Protected Person may address the dispute to this Court by filing a motion seeking an order upholding the designation(s) within five business days of the impasse having been reached between the Protected Person and the objecting Party. The Protected Person bears the burden of persuading the Court that the material is Confidential Information within the definition set forth in subparagraph 1(b). The designated information shall be treated in accordance with its Confidential Information designation under this order until the Court rules on the designating Protected Person's timely filed motion. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information under this Order. This order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.     Disclosure of Confidential Information**

    10. Confidential Information may be disclosed only to the following persons:

        (a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

        (b) counsel for the Plaintiff and its attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

(c)  Outside Counsel of Record for Defendants, including their attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assign to this Action whose functions require access to the information;

(d)  outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)  any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f)  persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

11. Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

12. Each individual described in paragraph 10 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

13. Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing or using such information designated as confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

14. Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b) prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as confidential;

(c) prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(d) prevents Plaintiff's retention or use or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation

governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

### E. Use of Information Designated Confidential in This Action

15. If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a Court order to file such Confidential Information under seal, in accordance with Local Rule 5.1(h). A request for the Court to allow filing under seal shall include the proposed redactions. If this Court grants leave to file the document under seal, the filing Party shall file with the Clerk of this Court a redacted version of the filing. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

16. If a Party includes trial exhibits on its exhibits list that contain or discuss information that it has designated as Confidential Information, at the time exhibit lists are exchanged, the Party shall also provide redacted versions of such exhibits. When the Parties exchange objections to exhibits, the Parties must also (i) provide redacted versions of any exhibits identified by the opposing Party that contain information the Party previously designated as Confidential Information; and (ii) exchange objections to redactions that were initially exchanged with the exhibit lists. Within ten business days after exchanging redacted versions of the opposing Party's exhibit list, the Parties must exchange objections to these redactions. If a Party fails to provide redacted versions of an exhibit by the conclusion of this process, the exhibit shall be entered on the public record in its entirety.

17. Disclosure at trial of documents and testimony and other materials designated as Confidential Information will be governed pursuant to Court order. The Parties shall meet and confer and submit a recommended order outlining those procedures as set out in the Scheduling and Case Management Order for this Action and any amendment thereto. Absent a ruling by the Court to the contrary, documents or deposition testimony, or other materials or information designated as Confidential Information by a Protected Person that appear on an exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with procedures established by this Court.

18. Subject to paragraphs 13 and 14, all Confidential Information produced by a Party or a non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

**F.     Procedures upon Termination of This Action**

19. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential Information and certify that fact in writing to the Party or Protected Person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts,

exhibits, or work product containing information designated as Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential Information or as otherwise permitted herein. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs 13 or 14 of this Order.

### G.     Right to Seek Modification

20. Nothing in this Order limits any Person, including members of the public, a Party or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

### H.     The Privacy Act

21. Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

### I.     Persons Bound by This Order

22. This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Dated: July 8, 2021

**AGREED TO:**

/s/E. Marcellus Williamson
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant Aon plc*

/s/Clifford Aronson
Clifford Aronson (DC Bar No. 335182)
Karen Hoffman Lent (Admitted *Pro Hac Vice*)
Matthew M. Martino (Admitted *Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Clifford.Aronson@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

        David P. Wales (DC Bar No. 456894)
        Skadden, Arps, Slate, Meagher & Flom LLP
        1440 New York Avenue, N.W.
        Washington, DC 20005
        Telephone: (202) 371-7000
        Fax: (202) 393-5760
        David.Wales@skadden.com

*Attorneys for Defendant Willis Towers Watson plc*

/s/ William H. Jones II_____
William H. Jones II
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000 Washington, DC 20530
Phone: 202-514-0230
Facsimile: 202-307-5802
E-mail: bill.jones2@usdoj.gov

*Attorney for Plaintiff United States of America*

**SO ORDERED:**

Dated this \_\_\_ day of _____, 2021

_____
REGGIE B. WALTON
United States District Court Judge

APPENDIX A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br><br>v.<br><br>AON plc<br>and<br>WILLIS TOWERS WATSON plc,<br><br>        *Defendants*. | Civil Action No. 1:21-cv-01633 |

**<u>AGREEMENT CONCERNING CONFIDENTIALITY</u>**

I, _____, am employed by _____ as _____.

I hereby certify that:

   1.  I have read the Protective Order entered in the above-captioned action, and understand its terms.

   2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

   3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE