## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, |
| *Plaintiff*, |
| v. |
| AON plc and |
| WILLIS TOWERS WATSON plc, |
| *Defendants*. |

Case No. 1:21-cv-01633-RBW

## JOINT STATUS REPORT REGARDING A
## <u>SCHEDULING AND CASE MANAGEMENT ORDER</u>

Pursuant to the Court's order dated July 9, 2021 (Dkt. No. 46), Plaintiff, United States of America, and Defendants, Aon plc and Willis Towers Watson plc, respectfully submit to the Court that the hearing currently scheduled for July 15, 2021 is necessary to resolve the Parties' remaining disputes regarding a proposed scheduling and case management order.  Plaintiff's and Defendants' proposed Scheduling and Case Management Orders are attached as Exhibit 1 and Exhibit 2, respectively, to this filing, and the remaining areas of dispute are further detailed herein.

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.3 of the Local Civil Rules, and the Court's Order, dated July 9, 2021 (Dkt. No. 46), Plaintiff and Defendants met and conferred on July 12 and 13, 2021 regarding the scheduling matters set forth in Local Rule 16.3.  The following four areas of disagreement remain:  the timing for production of investigation materials; the Defendants' special interrogatories; the deadline for Defendants to propose additional settlement offers for adjudication at trial and agree on whether a consent

decree will be filed on Counts III-V; and the availability of witnesses despite nationwide service of process.

**TOPICS OF DISPUTE**

**I.      TIMING FOR PRODUCTION OF INVESTIGATION MATERIALS**

**Plaintiff's Proposed Language:**

<u>Schedule (emphasis added)</u>: *Parties produce Investigation Materials either (1) within **five** business days after the expiration of the time for a non-party to seek additional protection from the Court, as outlined in the Stipulated Protective Order entered in this action, if such non-party does not seek such additional protection, or (2) within **five** business days of resolution by the Court of any non-party's request for additional protection from the Court, as outlined in the Stipulated Protective Order entered in this action.*

**Defendants' Proposed Language:**

<u>Schedule (emphasis added)</u>: *Within **three** businesss days of entry of this Case Management Order, except that if any non-party seeks additional protection from the Court that would prohibit outside counsel from viewing Investigation Materials as outlined in the Protective Order, that non-party's Investigation Materials will not be produced until resolution by the Court of that non-party's request.*

**Plaintiff's Rationale:** Plaintiff has been attempting from the beginning of this case to follow the usual practice to deliver investigation materials (non-party documents and data) to Defendants:  first entry of a protective order, then notice to third parties, then delivery of the materials.  This process is designed to protect the confidentiality of non-party submissions. Defendants have been trying to skip the step of notice to third parties (their customers and competitors), and in so doing have dragged this out.  Plaintiff's current proposal again offers an expeditious path to Defendants' receipt of these files, occuring less than two weeks after discovery opens and without waiting for service of any discovery request.

Defendants' requested timeline for production of Plaintiff's Investigation Materials is infeasible.  The notice provision of the Stipulated Protective Order entered by the Court (*see* Dkt. No. 47 ¶ B.2) mandates that each Party will provide notice of the Stipulated Protective Order

2

within five business days of the Court's entry of that Order. The United States expedited this process, providing such notice to all non-parties on July 12, 2021—less than one business day after the Court's entry of the Stipulated Protective Order. But each non-party is then entitled to seven days in which it has the option to seek additional protection from the Court for its confidential information. (*See* Dkt. No. 47 ¶ B.5.) Since Plaintiff completed the notice process on July 12, 2021, non-parties have until July 19, 2021 to seek additional protection from the Court. Following July 19, Plaintiff requires time to segregate out the materials of any non-party that seeks additional protection as late as Monday, July 19, process the production, and get it placed on media that can be delivered to Defendants. Defendants' proposal would give Plaintiff only a single day to complete these steps. Plaintiff will produce the Investigation Materials as quickly as possible, but this almost certainly will require more than one day. Plaintiff requests five business days to ensure compliance with this Court's order.

**Defendants' Rationale:** The Division has been investigating the proposed merger of Aon and Willis Towers Watson for over 15 months. During its investigation, the Division has used its civil investigative demand authority to collect documents, conduct depositions, and potentially obtain declarations from third parties. Together, these materials comprise the Division's Investigation Materials. Defendants urgently need prompt access to the Division's Investigation Materials, without which they are hamstrung in their ability to prepare a defense.

The Division has been stalling the production of these materials. First—three weeks ago— the Division said it could not provide access before the Court entered a protective order. Defendants agreed to entry of the Division's proposed order, and the Court entered that order on July 9, 2021. Yet the Division continues to withhold its Investigative File, now on the grounds that third parties have not had sufficient notice and an opportunity to object, and because the

Division needs several days to process the Investigative File for production. That could all have been done weeks ago and, in any event, no later than once Defendants agreed on July 7, 2021, to use the Divisions' preferred protective order. The Division has had more than a month to provide notice, address any third party concerns and process the materials for production. They should not need another several weeks. The Division is just hiding behind concerns about the rights of non-parties that are more than adequately addressed in the protective order the Court has entered. The Division should be required to take all steps necessary to produce its file to Defendants immediately.

The Division has also rejected a proposal Defendants advanced during our meet and confer on July 12, 2021, that the Division immediately provide certain information from the Investigation Materials that would *not* implicate third-party confidentiality concerns, such as the names of the witnesses the Division has deposed and the companies from which the Division has obtained documents. Defendants need the Court to put an end to these stalling tactics and order the Division to turn over all Investigative Materials immediately.

## II.    DEFENDANTS' SPECIAL INTERROGATORIES

**Plaintiff's Proposed Language:**

Paragraph 13(c) (emphasis added): *Defendants' Special Interrogatories to Plaintiff United States of America ("Special Interrogatories") (ECF No. 37-4) are considered served the day fact discovery begins, **and Plaintiff's answers and any objections shall be served no later than July 29, 2021.** Defendants' Special Interrogatories shall count toward the number of permissible interrogatories set forth in this paragraph.*

**Defendants' Proposed Language:**

Paragraph 13(c) (emphasis added): *Defendants' Special Interrogatories to Plaintiff United States of America ("Special Interrogatories") (ECF No. 37-4) are considered served the day fact discovery begins, **and Plaintiff's substantive responses shall be served no later than July 23, 2021.***

**Plaintiff's Rationale:** Departing from the Federal Rules of Civil Procedure, Defendants

seek to impose a requirement on Plaintiff to provide a "substantive" response, and to do so on a significantly expedited schedule.  Plaintiff proposes to submit its answers and any objections to these interrogatories by July 29, or two weeks after they are served—less than half the time allotted by the Federal Rules.  As Plaintiff explained in its Opposition to Defendants' Motion to Compel Response to Special Interrogatories (*see* Dkt. No. 41), however, many of these proposed interrogatories are substantively objectionable, seeking premature expert discovery, work product, and other information that will require discovery.  Plaintiff's proposal tracks the language of Federal Rule of Civil Procedure 33(b)(2), and requires that it serve "its answers and any objections" by the deadline for responding.  Adopting the language from the Federal Rules rather than placing an ambiguous, undefined burden on Plaintiff in responding will provide Defendants the information to which they are permitted and help prevent this dispute from landing back before the Court prematurely.

**Defendants' Rationale:** The Court denied without prejudice Defendants' previous request to order the Division to answer Special Interrogatories, hoping the parties could work through this issue.  Those efforts failed.  The only commitment the Division will make is to serve "answers and any objections" by July 26, 2021, and the Division will not commit to provide "substantive responses" rather than "objections" at that time.

There is no good reason to delay substantive responses to the basic questions Defendants are asking.  After more than 15 months of investigating the transaction, the Division certainly must know the answers to these basic questions.  Defendants answered most of them months ago at the Division's insistence, as part of the Division's investigation.  In the *Oracle* case, the district court gave the Division just five days to answer a similar set of interrogatories—and it did, on time, with no apparent difficulty.  All of these questions go to basic elements of the allegations in the

complaint, such as who is in the market and who is not, what are the market shares, what are the product attributes that define the market and present barriers to other firms serving large customers, and so forth. The one thing that the Division brought up at the July 6 hearing—"diversion ratios"— is something their economists have told the parties they have already calculated.

Requiring the Division to substantively answer Defendants' Special Interrogatories by no later than July 26, 2021, is crucial to Defendants' ability to (1) understand the Division's claims; (2) craft targeted and efficient discovery requests on both the Division and third parties; and (3) prepare a defense. Any objections the Division has should therefore be resolved now. The alternative is virtually certain to be a motion to compel, requiring the Court to resolve the objections anyway, but after a lengthy delay. There is no time for gamesmanship like the Division's objections to these interrogatories.

## III.    DEADLINE FOR DEFENDANTS TO PROPOSE ADDITIONAL SETTLEMENT OFFERS FOR ADJUDICATION AT TRIAL AND AGREE ON WHETHER A CONSENT DECREE WILL BE FILED ON COUNTS III-V

**Plaintiff's Proposed Language:**

Schedule (emphasis added): *Deadline for Defendants to provide Plaintiff evidence concerning any proposed remedy, as described in paragraph 24 of this Order:* ***August 2, 2021****.*

Schedule (emphasis added): *Deadline for Parties to agree on whether a consent decree for Complaint Counts Three, Four, and/or Five will be filed, unless the Parties mutually agree to extend this date:* ***August 2, 2021.***

Paragraph 24 (emphasis added): *Timely Production of Evidence Concerning Remedy. Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the United States, unless Defendants provide a copy of the agreement, offer, term sheet, or commitment to the United States by* ***August 2, 2021****.*

**Defendants' Proposed Language:**

Schedule (emphasis added): *Deadline for (1) Defendants to provide to Plaintiff evidence concerning any proposed remedy, as described in paragraph 24 of this Order and (2) Parties to agree on whether a consent decree will be filed:* ***September 1, 2021****.*

      <u>Paragraph 24 (emphasis added)</u>: *Timely Production of Evidence Concerning Remedy. Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the United States, unless Defendants provide a copy of the agreement, offer, term sheet, or commitment to the United States by* ***September 1, 2021****.*

      **Plaintiff's Rationale:** The September 1 deadline proposed by Defendants would severely prejudice Plaintiff's ability to present to the Court a full case on the merits.  For any remedy proposal offered by Defendants, Plaintiff must be allowed time to conduct the necessary discovery on that proposal.  This includes document and data requests served on the divestiture buyer; an opportunity to seek deposition testimony from party witnesses and non-party witnesses about the capabilities of the proposed divestiture buyer and the adequacy of the proposed divestiture package; and the opportunity for Plaintiff's expert witness(es) to build this analysis into any expert opinions and reports for the Court.  By delaying until more than half way through fact discovery the date on which they must provide any such proposal, including after the proposed date for the Parties to serve preliminary witness lists, Defendants would require Plaintiff to serve multiple discovery requests on non-parties, potentially delay the start of depositions, and further shrink the time for Plaintiff's expert(s) to incorporate the divestiture proposal into any expert report(s).

      Plaintiff's proposed deadline of August 2 is reasonable and will allow for full discovery into any potential divestitures.  Additionally, Plaintiff proposes the same date to serve as the deadline by which the Parties must agree to whether a consent decree will be filed to settle Counts Three, Four, or Five of the Complaint.  These two deadlines both directly relate to the same threshold issue: the scope of pretrial discovery, and whether it will encompass evidence on all five counts alleged in the Complaint or whether Defendants will agree to enter into a consent

decree for certain of those markets.  Since January 2021, Defendants have been aware of Plaintiff's concerns regarding the merger's anticompetitive effects in each of the five alleged markets.  For months leading up to the filing of the Complaint, Defendants made divestiture proposals of various types to Plaintiff.  It has now been almost one month since Plaintiff filed its Complaint, and Defendants have had the opportunity to see the precise allegations against them and craft divestitures to address the alleged harm should they desire to do so.  Accordingly, Defendants can easily propose any divestiture that they intend to offer on a timeline that will allow for discovery to occur efficiently in the ordinary course.

**Defendants' Rationale:** Defendants have entered into binding contractual agreements committing to divest the entirety of one party's business in each of the three markets alleged in Counts Three, Four, and Five of the Complaint.  The Division acknowledges in paragraph 74 of the Complaint that these agreements resolve the alleged competitive concerns in these segments, but insist on a consent decree.  That is not necessary given the "clean sweep" nature of the divestitures in these markets, which Defendants are contractually obligated to complete.  In substance, there is no merger with respect to these three markets, leaving nothing to litigate or settle with the Division.

Defendants have nevertheless advised the Division that they are willing to work expeditiously towards a formal settlement agreement with respect to these counts, and potentially with respect to the other counts, to maximize judicial efficiency in this matter.  But 18 days is simply not enough time, particularly given that Defendants are still waiting for the Division to provide a draft settlement agreement with respect to Counts Three through Five.  There is no good reason to prioritize this effort over all the many other things the parties need to do to get ready for trial.

Importantly, the Division had extensive information about the divestitures related to Counts Three through Five, including copies of the binding contractual agreements and information from the buyers, *weeks and even months before the Complaint was filed.* It could have attempted to reach a resolution well before now. The fact that the Division chose to include these counts in the Complaint – making them subject to the terms of the CMO – should not preclude Defendants from taking the time required to work through the process. Instead, it opted to include these already-resolved matters in the Complaint, and now wants the parties to focus on them instead of the two markets that remain in dispute. That makes no sense.

## IV.   AVAILABILITY OF WITNESSES DESPITE NATIONWIDE SERVICE OF TRIAL SUBPOENAS

**Plaintiff's Proposed Language:**

Paragraph 25 (emphasis added): *To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.* ***The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.***

**Defendants' Proposed Language:**

Paragraph 25: *To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.*

**Plaintiff's Rationale:** Plaintiff's proposed language retains flexibility for the Parties to introduce testimony from non-party witnesses through deposition, rather than requiring that they appear live at trial. Eliminating this language would potentially limit the number of third party witnesses able to present testimony to this Court given the compressed trial schedule and the timing of the currently scheduled dates for trial, both of which are near holidays. Aon's counsel recognized that this case was a candidate for expanding, rather than contracting, the ability to

present witness testimony by deposition.  (Dkt. No. 44 at 5:13-23.)  Plaintiff's proposed language seeks to preserve that flexibility to ensure the most efficient presentation of evidence in this case.

**Defendants' Rationale:** The Division wants both the sword of being able to subpoena potential witnesses outside this district, bringing such witnesses to trial over objection, and the shield of being able to claim that those same witnesses are "unavailable" under the Federal Rules should the Division prefer their deposition testimony over a live appearance.  This proposal would allow the Division to use its nationwide subpoena powers selectively and tactically, and tellingly, over the course of several meet and confer discussions on the provision, the Division never articulated *why* they need their proposed language on "unavailability" of witnesses.  The provision is unfair to Defendants and unnecessary to the Division's ability to prosecute its case.

## CONCLUSION

Plaintiff and Defendants respectfully submit to the Court that the hearing currently scheduled for July 15, 2021 is necessary to resolve the foregoing disagreements pertaining to a proposed scheduling and case management order.

Dated: July 13, 2021

Respectfully submitted,

_____/s/ William H. Jones II_____
William H. Jones II
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: 202-514-0230
Facsimile: 202-307-5802
E-mail: bill.jones2@usdoj.gov

*Attorney for United States of America*

_____/s/ E. Marcellus Williamson_____
E. Marcellus Williamson (DC Bar No. 465919)
Ian R. Conner (DC Bar No. 979696)
Michael G. Egge (DC Bar No. 432755)
Marguerite M. Sullivan (DC Bar No. 497894)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
marc.williamson@lw.com
ian.conner@lw.com
michael.egge@lw.com
marguerite.sullivan@lw.com

Lawrence E. Buterman (DC Bar No. 998738)
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Fax: (212) 751-4864
lawrence.buterman@lw.com

11

Daniel M. Wall (Admitted *Pro Hac Vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Aon plc*


    /s/ Clifford Aronson
_____
Clifford Aronson (DC Bar No. 335182)
Karen Hoffman Lent (Admitted *Pro Hac Vice*)
Matthew M. Martino (Admitted *Pro Hac Vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000
Clifford.Aronson@skadden.com
Karen.Lent@skadden.com
Matthew.Martino@skadden.com

David P. Wales (DC Bar No. 456894)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Fax: (202) 393-5760
David.Wales@skadden.com

*Attorneys for Willis Towers Watson plc*

## CERTIFICATE OF SERVICE

I certify that on July 13, 2021, I served the foregoing upon all counsel of record via the Court's CM/ECF system.

*/s/ William H. Jones II*
William H. Jones II
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7000
Washington, DC 20530
Phone: 202-514-0230
Facsimile: 202-307-5802
E-mail: bill.jones2@usdoj.gov

*Attorney for Plaintiff United States of America*
